EL PUEBLO, DEMANDANTE Y APELADO, *v.* MULERO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción a la Ley de Pesas y Medidas.

No. 2034.—Resuelto en marzo 24, 1924.

PAN FALTO DE PESO—TOLERANCIA POR DEFECTO EN EL PESO DEL PAN—CONOCIMIENTO JUDICIAL.—No aduce hechos suficientes una denuncia por vender pan

falto de peso (ley 25 de 1921) si no se alega la tolerancia por defecto permitida por la ley, pues sin tal alegación no puede saber la corte si el pan tenía menos peso del permitido por la tolerancia, la cual no es de conocimiento judicial según se resolvió en el caso de *El Pueblo* v. *Grau,* 29 D. P. R. 1038.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Aponte, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante fue denunciado en una corte municipal por haber infringido la ley de Pesas y Medidas No. 25 de 1921, imputándosele que voluntaria y maliciosamente se dedicaba a vender en su establecimiento pan falto de peso, habiéndose ocupado un bollo en cuya envoltura marcaba una libra y al cual faltaban 45 gramos. Fue condenado, y al conocer de esa denuncia la corte de distrito en grado de apelación fue sentenciado nuevamente interponiendo entonces esta apelación.

La ley citada, que enmendó la número 13 de 12 de abril de 1917, declara en su secceión primera que una libra (*avoirdupois*) o 453 gramos será la unidad o tipo modelo para los bollos de pan. En su sección segunda dispone que todo pan que se venda, ofrezca o exhiba para la venta será envuelto en una bolsa de papel que tendrá un rótulo claro con el peso correcto y el nombre del fabricante, y dispone que el Jefe del Negociado de Pesas y Medidas establecerá al empezar a regir la ley aquellas variaciones o tolerancias razonables que tanto por exceso como por defecto puedan ser aplicables al peso indicado de los bollos: y por la sección cuarta se castiga al que infrinja las disposiciones de la ley.

Alega el apelante en el primer motivo de su recurso que la corte inferior cometió error al no declarar con lugar la excepción previa que opuso a la denuncia por no aducir hechos determinantes del delito denunciado, pues las palabras que

contiene respecto a que faltaban 45 gramos al bollo de pan son una conclusión a que ha llegado el denunciante y no es alegación de que el pan pesara determinada cantidad de gramos inferior a la libra, por lo que no pueden ser tomadas en consideración y la denuncia quedaría limitada a que el pan estaba falto de peso, que es otra conclusión del denunciante y no exposición de hechos.

En verdad la denuncia debió alegar los gramos que pesaba el pan para poder conocer los que faltaban en la libra tipo y poder concluir si estaba falto de peso; mas como se trata de una denuncia y no de una acusación de un fiscal podemos interpretarla liberalmente y entender que como dice que faltaban 45 gramos al bollo de pan, lo que ésta pesaba era 408 gramos, que es la diferencia entre los 45 gramos y los 453 de la libra tipo.

Mas fundamento encontramos en la alegación de que permitiendo la ley que haya ciertas tolerancias por defecto en el peso del pan no es bastante alegar que el pan pesaba o le faltaba determinado número de gramos, porque si la falta está comprendida dentro de la tolerancia no existirá el delito.

Creemos con el apelante que la alegación de la tolerancia permitida es necesaria porque sin ella no puede saber la corte si el pan estaba con menos peso del permitido por la tolerancia fijada por el Jefe del Negociado de Pesas y Medidas, para que exista el delito, ya que dicha tolerancia no es de conocimiento judicial, según hemos declarado en el caso de *El Pueblo* v. *G. Garau & Co.*, 29 D. P. R. 1038.

Por las razones expuestas, la sentencia apelada debe ser revocada y absuelto el denunciado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.