EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO PAGÁN, acusado y apelante.

No. 2812.—*Visto:* Diciembre 15, 1926.  *Resuelto:* Marzo 25, 1927.

1. PESAS Y MEDIDAS—DENUNCIA—REQUISITOS Y SUFICIENCIA—ALEGACIÓN DE LA TOLERANCIA POR DEFECTO DE PESO.—Bajo las circunstancias concurrentes *se resolvió* que la denuncia, en proceso por violación a la Ley de Pesas y Medidas era suficiente aunque no alegara la tolerancia por defecto de peso permitida por la ley ya que consignaba que la diferencia era mayor que la tolerancia reglamentaria; y que podía luego permitirse en el juicio declarar a un inspector del ramo sobre ese particular.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES QUE NO APARECEN DEL RÉCORD—CUESTIONES OMITIDAS EN EL MISMO.—Si la admisión en evidencia de un Reglamento de Pesas y Medidas objetada por no estar debidamente certificado por el Secretario Ejecutivo ni aparecer del mismo certificación alguna es o no error es cuestión que no puede resolverse en apelación cuando dicho Reglamento, ni la parte necesaria del mismo, se incluyen en la transcripción.

3. PESAS Y MEDIDAS—EVIDENCIA—CREDIBILIDAD DE TESTIGOS—USO DE PESO INCOMPLETO POR EL ACUSADO.—La circunstancia de si la pesa incompleta era usada o no como tal en el establecimiento mercantil del acusado es cuestión sujeta a la credibilidad que merezcan los testigos al tribunal sentenciador.

SENTENCIA de *R. López Antongiorgi,* J. (Guayama), condenando al acusado por delito de Infracción a la Ley de Pesas y Medidas. *Confirmada.*

*A. Porrata Doria,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

De la presente causa conoció en apelación la Corte de Distrito de Guayama y de la sentencia de dicha corte de distrito es que se recurre para ante este Tribunal Supremo.

La denuncia, base del proceso, dice, en lo pertinente, así:

"Que en dos de febrero de 1926 y en la calle de A. Calimano de la ciudad de Guayama, P. R., del Distrito Judicial Municipal de Guayama, que forma parte del distrito judicial del mismo nombre, el referido acusado Pedro Pagán, que en el sitio arriba expresado explota un negocio de pulpería, usaba una pesa de dos libras, que comprobada que fué por el suscribiente resultó pesar ochocientos noventa y un gramos (891 Gs.) Teniendo la libra 'standard' cuatrocientos cincuenta y tres gramos (453 Gs.) a la referida pesa le falta quince gramos para pesar dos libras, lo que es mayor que la tolerancia establecida por el Secretario Ejecutivo de P. R., a pesas de la clase y peso de la que es objeto esta denuncia."

La prueba consistió en la declaración de testigos, en el reglamento infringido y en la pesa ocupada. Por la sentencia se impuso al acusado el pago de una multa de quince dólares.

En su alegato señala el apelante la comisión de los siguientes errores:

"Primer error: Al declarar sin lugar nuestra excepción perentoria contra la denuncia de que la misma no aduce hechos bastantes para constituir un delito público. "Segundo error: Al permitir que el denunciante Tulio D. Rivera, Inspector Insular de Pesas y Medidas, declarara sobre la tolerancia permitida por el reglamento de Pesas y Medidas cuando esto no se alegaba en la denuncia.

"Tercer error: Al admitir como evidencia un libro que dice contener un reglamento promulgado por el Secretario Ejecutivo de Puerto Rico sin que se dijera a qué reglamento se refiere y sin que este libro o el reglamento en él estuviere debidamente certificado y autenticado por persona competente.

"Cuarto error: Haber apreciado erróneamente la prueba.

[1] Cita el apelante en apoyo de su primer error lo re-

suelto por esta corte en el caso de *El Pueblo* v. *Mulero,* 32 D.P.R. 900, en el que se decidió que:

"No aduce hechos suficientes una denuncia por vender pan falto de peso (ley 25 de 1921) si no se alega la tolerancia por defecto permitida por la ley, pues sin tal alegación no puede saber la corte si el pan tenía menos peso del permitido por la tolerancia, la cual no es de conocimiento judicial según se resolvió en el caso de El Pueblo v. Grau, 29 D.P.R. 1038."

Lo decidido en el caso de *El Pueblo* v. *G. Garau y Cía.,* fué:

"Ni la Corte de Distrito, ni el Tribunal Supremo pueden tomar conocimiento judicial de los reglamentos promulgados por el Jefe del Negociado de Pesas y Medidas en virtud de la facultad que le confirió la Legislatura en la Ley No. 13 de 1917."

La denuncia en el caso de *Mulero* sólo alegaba que al pan faltaban 45 gramos y la corte en el curso de la opinión se expresó así:

"Más fundamento encontramos en la alegación de que permitiendo la ley que haya ciertas tolerancias por defecto en el peso del pan no es bastante alegar que el pan pesaba o le faltaba determinado número de gramos, porque si la falta está comprendida dentro de la tolerancia no existirá el delito."

En este caso si bien no se alegó en la denuncia cuál era la tolerancia, se consignó en ella que la diferencia era mayor que la tolerancia establecida por el Secretario Ejecutivo, y de este modo, aunque imperfectamente, se cumplió con la ley y la jurisprudencia.

Si se tiene en cuenta que se trata de una denuncia y que la causa fué primeramente juzgada en una corte municipal, creemos que el error no es de tal naturaleza que lleve consigo la revocación de la sentencia. No puede sostenerse bajo las circunstancias que el acusado careciera de la necesaria información cuando fué a juicio ni que la denuncia dejara de imputar la comisión de un delito público.

Con respecto al segundo error bastará decir que se cum-

plió en el juicio con lo exigido por el caso de *El Pueblo* v. *G. Garau y Cía., supra,* demostrándose cuál era la tolerancia y que la diferencia era mayor. Se alegó bastante en la denuncia para poder admitir la prueba.

[2] No estamos en condiciones de resolver si se cometió o no el tercer error. Todo lo que consta en los autos en relación con el mismo es lo que sigue:

"El Fiscal presenta a la Corte el referido libro manifestando: 'Ofrecemos a la Corte como prueba el Reglamento promulgado por el Secretario Ejecutivo de Puerto Rico que es el Encargado del Departamento de Pesas y Medidas con el objeto de probar que esa pesa que le fué ocupada al acusado tenía una diferencia de peso mayor que la tolerancia permitida o sea de quince gramos.

"La Defensa se opone manifestando:—'Nos oponemos porque no está debidamente certificado el libro ese.'

"Hon. Juez:—¿El Reglamento?—Lcdo. Porrata:—Sí, señor.—

"Hon. Fiscal:—Hay una certificación ahí, como se certifican todos los libros del Supremo.

"Hon. Juez:—La Corte declara sin lugar la oposición.—Lcdo. Porrata:—Tomo excepción, por el fundamento de que el Reglamento que trata de introducirse en evidencia no está debidamente certificado por el Secretario Ejecutivo de Puerto Rico, ni aparece certificación alguna."

El reglamento no ha sido incluído en la transcripción. No conocemos la forma en que estaba la certificación.

[3] Hemos estudiado la prueba y a nuestro juicio es bastante. Demuestra que la pesa fué ocupada en el establecimiento mercantil del acusado y que contrastada resultó tener quince gramos de menos, siendo la tolerancia admitida la de 750 milígramos o sea las dos terceras partes de un gramo para una pesa de dos libras como la ocupada. La declaración del hijo y dependiente del acusado de que la pesa ocupada no se usaba, no fué creída por la corte y nada hay que demuestre que cometiera error al actuar de tal modo.

*Debe confirmarse la sentencia.*