EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SALVADOR GUERRA RAMOS, acusado y apelante.

Núm. 7802.—*Sometido:* Diciembre 21, 1939. *Resuelto:* Enero 8, 1940.

*Felipe Colón Díaz,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

832

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Salvador Guerra Ramos fué denunciado en la Corte Municipal de Juana Díaz como socio gestor de la mercantil Ramos & Suárez, Sucrs., por infracción a la Ley de Pesas y Medidas, consistente en que allá por el 21 de octubre de 1937 y en el pueblo de Juana Díaz, Puerto Rico, vendió a Marcelino Domínguez, a través de su empleado Francisco Guerra, cierta cantidad de café tostado y molido falto de peso. Se imputa reincidencia, por haber sido sentenciado el mismo acusado por igual delito el 21 de octubre de 1936 por la Corte Municipal de Ponce, habiendo satisfecho la multa impuéstale.

La Corte de Distrito de Ponce conoció del caso en grado de apelación y declaró al acusado convicto del delito imputádole, declarando también ser cierta la convicción anterior, por lo que le impuso la pena de $50 de multa o en su defecto un día de cárcel por cada dólar que dejare de pagar, y las costas.

Fundamentando su recurso ante este tribunal, alega el acusado en primer término que la denuncia no aduce hechos constitutivos del delito que se le imputa. Según el acusado debió exponerse en la denuncia la tolerancia por defecto permitida por la ley. El reglamento promulgado para la ejecución de la ley expresamente prescribe, refiriéndose al café, que debido a que este artículo absorbe humedad y aumenta de peso, *no habrá variación permisible por defecto.''* (Bastardillas nuestras.)

No permitiendo el reglamento en cuestión tolerancia alguna por defecto en el peso, la denuncia cumple con los requisitos legales al no hacer referencia a la supuesta tolerancia.

Sostiene el apelante que la sentencia es errónea en lo que a la reincidencia respecta, porque el delito anterior fué cometido por el acusado en su carácter de gestor de la mercantil Ramos & Suárez, Sucrs., S. en C., y el que ahora se le imputa lo es en su carácter de socio gestor de la mer-

cantil Ramos & Suárez, Sucrs., entidad jurídica distinta de la anteriormente mencionada.

Este tribunal, en el caso de *El Pueblo* v. *Barquet,* 19 D.P.R. 792, 797, dijo:

"En cuanto a la insuficiencia de la prueba para sostener la sentencia contra Juan y Narciso Barquet, entendemos que ella demuestra suficientemente que el delito se cometió en la casa mercantil de Barquet Hermanos, por un dependiente de la misma que actuaba dentro de las funciones de su cargo y demuestra, además, que los acusados son socios e intervienen directamente en los negocios de dicha casa mercantil, la que no es una corporación sino una sociedad. Siendo ello así es bien claro que dichos acusados pueden ser perseguidos y castigados individualmente por una violación de la Ley de Rentas Internas cometida por un dependiente que actuó por y para la sociedad.

"Podrá haber otros socios, además, de Juan y Narciso Barquet, pero como en este caso la denuncia se presentó únicamente contra ellos, sólo es necesario averiguar si el delito se cometió en la forma especificada en la misma y si los acusados son socios o no."

De manera, pues, que el acusado, habiendo sido denunciado en uno y otro caso como socio gestor, en ambos era responsable tal y como si hubiera sido denunciado y convicto en su carácter individual, no obstante las dos sociedades ser personas distintas ante la ley.

Por consiguiente, no cometió error alguno la corte sentenciadora al estimar cierta la condena anterior y castigar al acusado como reincidente.

■ El tercero y último de los errores señalados por el acusado va dirigido a la suficiencia de la prueba. La hemos examinado toda y no abrigamos duda de su suficiencia. Se demostró que el café era vendido por Francisco Guerra, hermano del acusado y empleado de la mercantil Ramos & Suárez, Sucrs., de la que es socio el acusado, y que en dos libras vendidas a Marcelino Domínguez, al ser repesadas en la balanza Standard del Negociado de Pesas y Medidas, resultó una deficiencia de 156 gramos. Es verdad que al

volverse a pesar en la corte de distrito un año después de haber sido ocupado por el Inspector de Pesas y Medidas, el café tuvo un aumento en peso de unos gramos sobre el rotulado en la envoltura, pero esta circunstancia fué perfectamente explicada por el denunciante, informando al tribunal que el café es un artículo que absorbe humedad y en el año transcurrido desde que se ocupó por el inspector hasta que se volvió a pesar el día del juicio, necesariamente absorbió y acumuló suficiente humedad para aumentar su peso original en la proporción indicada. La declaración del inspector está corroborada por la disposición del reglamento a que hemos hecho referencia, en la que se expresa que no se concede tolerancia por defecto en relación con este artículo, por ser de los que absorben humedad, y por consiguiente su tendencia es no a disminuir, sino a aumentar en peso.

*No existen, a nuestro juicio, los errores señalados por el apelante. Procede desestimar el recurso y confirmar la sentencia apelada.*