COOPERATIVA CAFETEROS DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. FRANK VIZCARRONDO VIVAS, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

Número 2027.
*Sometido:* 1 de febrero de 1954. *Resuelto:* 14 de abril de 1954.

---

*Francisco Parra Toro* y *Pedro E. Muñiz Ramos,* abogados del peticionario; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar del Tribunal Supremo,* abogados del interventor.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

Ante el tribunal de distrito se radicó denuncia contra la Cooperativa Cafeteros de Puerto Rico, Inc., y contra Francisco Pons, empleado de ésta, imputándoles una infracción a la sección 15 de la Ley núm. 135 del 18 de agosto de 1913 (pág. 103), según fué enmendada por la Ley núm. 60, Leyes

de Puerto Rico, 1936 ((1) pág. 303).([1]) La denuncia les imputaba que la Cooperativa "cuyo principal negocio lo es la compra venta de café, ilegal y voluntariamente le vendieron a través de su empleado Francisco Pons 10 libras de café molido a Sergio Rivas Silva, dándole en dicha transacción comercial peso incompleto, pues al hacer este denunciante una verificación del peso de dicho artículo resultó que cada uno de los paquetes tenía una deficiencia de: 14, 20, 26, 12, 22, 17, 18, 12, 12 y 19 gramos, teniendo en total 172 gramos que es igual a 6 onzas con 4 gramos."

El tribunal de distrito desestimó las contenciones de la acusada con respecto a la suficiencia de la denuncia. Vió el caso en los méritos, absolvió a Francisco Pons, declaró culpable a la Cooperativa y le impuso $50 de multa. La Cooperativa apeló para ante el Tribunal Superior, el cual confirmó la sentencia del tribunal de distrito. Expedimos auto de *certiorari* para revisar esta sentencia del Tribunal Superior.

El primer señalamiento es que "El tribunal inferior incurrió en error al resolver que una denuncia por infracción a la Ley de Pesas y Medidas aduce hechos suficientes a pesar de que en la misma no se alega la tolerancia permitida por los reglamentos del Negociado de Pesas y Medidas, toda vez que al así resolver tomó conocimiento judicial de dichos reglamentos."

La teoría de la Cooperativa es que toda vez que la Ley núm. 135, según ha sido enmendada, autoriza la adopción de

---

([1]) La sección 15, según fué enmendada, dispone así:

"Ninguna persona dará, ni permitirá que se dé, ningún peso o medida falso o incompleto en la compra, venta, traspaso o transporte de artículos, efectos o mercancías, o en la compra o venta de cualquier trabajo, tarea o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo; y ninguna persona usará, ni permitirá que se use, ninguna pesa o medida falsa en cualquier transacción industrial, comercial o agrícola, como base para fijar el precio o pago en la compra, venta, traspaso o transporte de cualesquiera artículos, efectos o mercancías, o en la compra o venta de cualquier trabajo, tarea o servicio, cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo, ni tendrá ni permitirá que se tenga en su establecimiento comercial, industrial o agrícola, tal pesa o medida falsa."

reglamentos que fijen las tolerancias en el peso de ciertos artículos, era necesario que la denuncia alegara afirmativamente que existía un reglamento al efecto de que el café es un producto para el cual no se permite tolerancia alguna. Según la acusada, al sostener la suficiencia de la denuncia, el Tribunal Superior estaba en efecto tomando conocimiento judicial del reglamento en cuanto a café, en abierta violación de lo resuelto por nosotros en *El Pueblo* v. *Cuadrado*, 27 D.P.R. 840, y *El Pueblo* v. *G. Giráu y Cía.*, 29 D.P.R. 1038.

La sección 15, según ha sido enmendada, establece como delito el vender ciertos productos con peso incompleto. La denuncia en este caso alega que, en violación de la sección 15, la acusada vendía café con peso incompleto. En consecuencia creemos que la denuncia aduce un delito a tenor con la sección 15. Suponemos, sin decidirlo, que en el caso de un artículo para el cual el reglamento permita alguna tolerancia, se necesitaría en la denuncia una alegación haciendo referencia al reglamento. *Cf. El Pueblo* v. *Mulero*, 32 D.P.R. 900. Pero el reglamento dice que no se permitirá tolerancia alguna para el café. Bajo estas circunstancias no podemos convenir en que, con el fin de aducir una infracción de la sección 15 al venderse café con peso incompleto, la denuncia debe alegar afirmativamente que bajo el reglamento el café es un producto para el cual no se permite tolerancia alguna.

Rechazamos una contención similar en el caso de *Pueblo* v. *Guerra*, 55 D.P.R. 831, donde dijimos a la pág. 832:

"Fundamentando su recurso ante este tribunal, alega el acusado en primer término que la denuncia no aduce hechos constitutivos del delito que se le imputa. Según el acusado debió exponerse en la denuncia la tolerancia por defecto permitida por la ley. El reglamento promulgado para la ejecución de la ley expresamente prescribe, refiriéndose al café, que debido a que este artículo absorbe humedad y aumenta de peso, '*no habrá variación permisible por defecto*.' (Bastardillas nuestras.)

"No permitiendo el reglamento en cuestión tolerancia alguna por defecto en el peso, la denuncia cumple con los requisitos legales al no hacer referencia a la supuesta tolerancia."

■ Aun cuando no hicimos ninguna manifestación expresa a ese efecto, en nuestra resolución en el caso de *Guerra* necesariamente tomamos conocimiento judicial como cuestión de derecho de la existencia de dicho reglamento en cuanto a café. Actuamos correctamente al tomar en consideración este reglamento, que tiene la fuerza de ley, al determinar si la denuncia aducía hechos suficientes para establecer un delito. Creemos .que esto era lo propio bajo el artículo 398 del Código de Enjuiciamiento Civil, ed. de 1933, que prescribe que "Los tribunales tomarán en consideración judicialmente . . . Los actos oficiales de los departamentos legislativo, ejecutivo, y judicial de Puerto Rico y de los Estados Unidos." Véanse *Lluberas* v. *Mario Mercado e Hijos,* 75 D.P.R. 7; *Pueblo* v. *Rivera,* 67 D.P.R. 190, 194; Morgan, *Judicial Notice,* 57 Harv.L.Rev. 269; IX Wigmore, *Evidence,* 3ra. ed., sec. 2565, *et seq.;* Regla 802, *Model Code of Evidence,* A.L.I.; Davis, *Official Notice,* 62 Harv.L.Rev. 537. *El Pueblo* v. *Cuadrado,* supra, y *El Pueblo* v. *G. Garáu y Cía.,* supra, y los casos posteriores que se apoyaban en aquéllos, que resolvieron que reglamentos similares debían presentarse en evidencia durante el juicio a fin de justificar una convicción por infracción de los mismos, fueron resueltos erróneamente y quedan expresamente revocados.(²)

■ El segundo señalamiento es que "El tribunal cometió error al declarar sin lugar una excepción perentoria a la denuncia fundamentado en que en la misma no se alegaba que el café fué pesado en una balanza oficial de las llamadas 'Modelo'." Sobre esta cuestión la acusada alega que "Basamos nuestra contención en la sección 9 de la Ley núm. 135, de 1913, que es la Ley de Pesas y Medidas, según enmendada,

---

(¹) En los casos de *Escobar* v. *Gámbaro et al.,* 22 D.P.R. 566, y *Lowande* v. *García et al.,* 13 D.P.R. 271, estaba envuelta una cuestión distinta. En dichos casos la cuestión era si bajo las circunstancias concurrentes la corte podía tomar conocimiento judicial de ciertos *hechos* que no constaban de los autos del caso. Aquí la cuestión gira en torno a si los tribunales deben tomar conocimiento judicial de reglamentos que tienen fuerza de *ley.* Cf. Davis, supra.

bajo la cual se predica la denuncia en el caso de epígrafe. Dicha sección 9 dispone que se conservará en la Oficina del Secretario de Puerto Rico, un juego completo de pesas y medidas como patrones oficiales el cual le será suministrado al Jefe de Distrito o cualquier otro oficial de Policía para que los utilice en la comprobación de pesos necesaria para poner en ejecución la Ley. De una lectura de la denuncia no puede determinarse en forma alguna que el pesaje del café se hiciera usando la balanza del Negociado de Pesas y Medidas."

No estamos de acuerdo. La denuncia aduce un delito bajo la sección 15. La cuestión de qué balanza se usó para establecer el peso incompleto, de haber alguno, es puramente una cuestión de evidencia que sólo podía surgir durante el juicio.

■ ■ El tercer señalamiento dice así: "El tribunal inferior cometió error al condenar a la peticionaria a pesar de haberse comprobado en un repeso efectuado en corte abierta que el café confiscado a la peticionaria tenía peso de más." Con respecto a este error la acusada aduce el siguiente argumento:

"Es un principio científico establecido, que aquello que absorbe humedad también la expele, dependiendo de las condiciones atmosféricas. En tiempo húmedo es natural y lógico que el café absorba humedad. Lógico es también que expela dicha humedad si el tiempo es seco y caliente. Siendo esto así es necesario llegar a la conclusión de que el café objeto de esta denuncia pudo haber pesado una libra neta al ser empacado, pesando luego menos de dicha cantidad debido a las condiciones del tiempo. Luego en el repeso efectuado en corte abierta el café pesó mucho más de una libra. No pudo haber sido de otra manera en vista de que, según resultó del testimonio incontrovertido de la peticionaria, el peso del café por ella se efectúa en una balanza debidamente comprobada y sellada por el Negociado de Pesas y Medidas."

El cuarto señalamiento es que el Tribunal Superior "cometió error al resolver que era inmaterial la declaración incontrovertida de la peticionaria en el sentido de que al mo-

mento de empacarse el café éste es pesado en una balanza debidamente comprobada y sellada por el Negociado de Pesas y Medidas." El argumento de la peticionaria en cuanto a este error dice como sigue:

"Habiendo cumplido la peticionaria estrictamente con los Reglamentos del Negociado de Pesas y Medidas al someterse a la inspección por parte de dicho Negociado, el cual comprueba regularmente su equipo de pesar, sellando el mismo, resulta ilógico imputarle un delito por vender café falto de peso, pues el hacerlo implicaría que es errónea la comprobación que de las balanzas de la peticionaria hace periódicamente el Negociado de Pesas y Medidas. Una vez el café es pesado y puesto en su bolsa, Cafeteros de Puerto Rico no tiene control sobre la variación en peso de dicho café, menos aún después que este café es vendido por Cafeteros. Además de la variación en peso siempre hay la posibilidad de pérdidas por rotura de las bolsas de papel o por la manera de ser el café almacenado por los comerciantes.

"Entendemos, respetuosamente, que prueba al efecto de que se cumplió con los Reglamentos del Negociado de Pesas y Medidas al someterse la peticionaria a la inspección por parte de dicho Negociado, y prueba en el sentido de que el Negociado de Pesas y Medidas comprueba y sella las balanzas de la peticionaria, no sólo es pertinente sino de suma importancia para la peticionaria, por lo que al no considerar dicha prueba el tribunal inferior cometió error."

El Fiscal Auxiliar de este Tribunal argumenta conjuntamente los errores tercero y cuarto. Convenimos con su argumentación, que es la siguiente:

"Hemos examinado los autos elevados ante esta Hon. Superioridad y a nuestro juicio revelan que la sentencia dictada por el Tribunal de Distrito de Puerto Rico, Sala de Mayagüez, y confirmada por la Sala del Tribunal Superior de dicho pueblo, está ampliamente sostenida por la prueba. Una lectura de la Relación del Caso preparada por el Hon. Juez que entendió en el acto del juicio en el Tribunal de Distrito pone de manifiesto que la prueba de cargo estableció terminantemente la comisión del delito imputado. Revela además dicha Relación que la acusada no controvirtió la imputación que le hicieron los testigos de cargo, limitándose 'a explicar el procedimiento utilizado por la corpora-

ción Cafeteros de Puerto Rico para pesar el café en Ponce'. No sabemos, por no aparecer de los autos, en qué consistía este procedimiento, pero aun presumiendo que fuera en el sentido de que al momento de empacarse el café éste es pesado en una balanza debidamente comprobada por el Negociado de Pesas y Medidas, tal circunstancia no niega los hechos delictivos imputados. La balanza puede estar debidamente comprobada pero como cuestión de hecho haberse vendido café falto de peso.

"En cuanto a que fué error una sentencia condenatoria 'a pesar de haberse comprobado en un repeso efectuado en corte abierta que el café confiscado a la peticionaria tenía peso de más' réstanos decir que el hecho de que en corte abierta se haya practicado un repeso con resultados favorables a la acusada no significa que no se hubiera cometido el delito para la fecha que imputa la denuncia. Como muy bien dijo el Tribunal Superior citando a su vez al Tribunal de Distrito: 'Son muchos los factores que pueden haber mediado para que ese mismo café, al pesarse meses más tarde durante la vista del caso, hubiese sufrido alteraciones en su peso, y actuó correctamente el Tribunal de Distrito al resolver el caso tomando en consideración el peso de dicho producto en el día en que se efectuó la transacción comercial objeto de esta denuncia, o sea, allá para el 29 de noviembre de 1951, y no a base del peso que marcó el café el día de la vista de este caso.' "

Añadimos que el resumen que de la evidencia hizo el tribunal de distrito dice que José Cruz Chacón, el inspector, declaró que "el día de autos visitó el comercio de Sergio Rivas Silva y éste le pidió que repesara 10 libras de café molido que *momentos antes* le había comprado a Francisco Pons, empleado de la Cooperativa Cafeteros de Puerto Rico, lo que procedió a hacer en la balanza modelo de la División de Pesas y Medidas" con el resultado ya apuntado. (Bastardillas nuestras.) Por tanto somos de opinión que no hay base bajo las circunstancias de este caso para el argumento de los acusados de que el café "pudo haber pesado una libra neta al ser empacado, pesando luego menos de dicha cantidad debido a las condiciones del tiempo." Convenir con los acusados nos obligaría a resolver que el café, empacado seco y caliente, había sido comprado por Sergio Rivas Silva y luego, a los pocos mi-

nutos, sin haberse abierto los paquetes, perdió peso porque se puso aún más caliente y más seco.    Nada encontramos en los autos que justifique esta conclusión.

En vista de lo anteriormente expuesto, no se cometieron los errores tercero y cuarto.

*El auto de certiorari será anulado.*